# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

Aaron Jozsa,

               Plaintiff,        Case No. 25-11350

v.                            Judith E. Levy
                                 United States District Judge

General Motors Company,

                               Mag. Judge Kimberly G. Altman

               Defendant.

_____/

## ORDER ADOPTING THE REPORT AND RECOMMENDATION [20]

Before the Court is Magistrate Judge Kimberly G. Altman's Report and Recommendation ("R&R") recommending the Court grant Defendant General Motors Company's motion to dismiss. (ECF No. 20.) Pro se Plaintiff Aaron Jozsa filed an objection to the R&R (ECF No. 25), and Defendant filed a response to the objection. (ECF No. 27.)

For the reasons set forth below, the Report and Recommendation is adopted and Defendant's motion to dismiss is granted.

## I.      Background

The factual and procedural background set forth in the R&R is fully adopted as though set forth in this Opinion and Order.

## II.     Legal Standard

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Group LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that restate arguments already presented to the magistrate judge are improper, *Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that are vague and dispute the general correctness of the report and recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough to permit the Court to squarely address them on the merits. *See Pearce*, 893 F.3d at 346.

Because Plaintiff is self-represented, the Court will construe his objections liberally. *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings.").

### III.  Analysis

Plaintiff submits an objection to the R&R. (ECF No. 25.) The objection does not clearly identify the part of the R&R to which Plaintiff objects. Plaintiff includes with his objection seven documents, which he claims demonstrate that his claims should not be dismissed. (*Id.* at PageID.96–97.) Additionally, Plaintiff lists several cases that he

included "in [his] last motion," which allegedly provide support for his

objection. (*Id.* at PageID.97.)

The documents submitted by Plaintiff are as follows:

(1) A letter dated March 29, 2022 from Defendant to Plaintiff providing instructions on how to submit a "Sickness and Accident" claim. (*Id.* at PageID.98.)

(2) A letter dated April 25, 2022 from Defendant to Plaintiff instructing Plaintiff to report to work on May 2, 2022 "[i]n accordance with paragraph 64d of the GM-UAW national agreement." (*Id.* at PageID.99.) The letter warns Plaintiff that failure to report to work within five working days "may result in the loss of your seniority." (*Id.*) Finally, the letter advises that "[i]f your absence is due to your own medical diagnosis or condition of [*sic*] a family member's medical diagnosis or condition," Plaintiff's absence "may be covered by the family and medical leave act (FMLA)." (*Id.*) The letter specifies that Plaintiff may contact the GM Benefits & Services Center to obtain information and documents required to apply for FMLA leave. (*Id.*)

(3) A letter dated September 15, 2022 from Defendant to Plaintiff informing him that his Sickness and Accident benefits have been approved for April 4, 2022 through June 15, 2022. (*Id.* at PageID.100.)

(4) A letter dated January 17, 2023 from Defendant to Plaintiff informing Plaintiff that Plaintiff's appeal has been granted and that his "Sickness and Accident benefits have been authorized commencing June 16, 2022, through August 4, 2022." (*Id.* at PageID.101.)

4

(5) A photograph of a letter and an envelope. The photograph is low-resolution and dark, and the Court cannot read the contents of the letter. (*Id.* at PageID.102–103.) Plaintiff claims that this document "request[ed] all records of disability claim." (*Id.* at PageID.96.)

(6) A letter dated February 26, 2025 from the Sharp Firm to Plaintiff, informing Plaintiff that the Sharp Firm "sent letters to General Motors on September 12, 2023 and November 20, 2023 requesting a copy of your personnel file, but it was never provided to us." (*Id.* at PageID.104.)

**A. Family and Medical Leave Act Claim**

The R&R recommended that Plaintiff's Family and Medical Leave Act ("FMLA") claim be dismissed due to timeliness. (ECF No. 20, PageID.84.)[1] An FMLA claim must be brought within two years of "the date of the last event constituting the alleged violation for which the action is brought." 28 U.S.C. § 2617(c)(1). This "statute of limitations is extended to three years if a plaintiff pleads that the statutory violation was 'willful.'" (ECF No. 20, PageID.82 (citing 28 U.S.C. § 2617(c)(2)).) The R&R determined that Plaintiff's FMLA claim "would be timely only

[1] The R&R also determined that Plaintiff fails to state an FMLA claim. (ECF No. 20, PageID.84–85.) Because Plaintiff's FMLA claim fails due to timeliness, the Court does not address the sufficiency of Plaintiff's FMLA claim.

if he successfully pled that GM acted willfully in violating the FMLA," and that Plaintiff has not done so. (*Id.* at PageID.83.)

A violation of the FMLA is willful when the employer "intentionally or recklessly violated the FMLA." *Crugher v. Prelesnik*, 761 F.3d 610, 617 (6th Cir. 2014) (quoting *Hoffman v. Prof'l Med Team*, 394 F.3d 414, 417 (6th Cir. 2005)). In order to plead a willful violation, "the plaintiff [ ] must plead facts about the defendant's mental state, which, accepted as true, make the state-of-mind allegation plausible on its face." *Id.* (cleaned up) (quoting *Katoula v. Detroit Entm't, LLC*, 557 F. App'x 496, 498 (6th Cir. 2014)).

The R&R sets forth that "Jozsa does not allege that GM acted willfully to violate his rights under the FMLA" because "Jozsa's only allegation related to the leave is that 'GM fired [him] while on an approved medical leave of absence that started on 3-28-22.'" (ECF No. 20, PageID.83 (quoting ECF No. 1, PageID.5).) Plaintiff, in his objection, claims that the documents filed with his objection "more than prove GM's blatant willfull [*sic*] violation." (ECF No. 25, PageID.97.) But even if Plaintiff had initially included these documents with his

complaint, Plaintiff does not demonstrate a willful violation of the FMLA.

First, Plaintiff's documents demonstrate that he received "Sickness and Accident" benefits (*see* ECF No. 25, PageID.101), but it does not provide any evidence that Defendant "willfully" violated his rights under the FMLA because the documents are not related to the FMLA. In fact, one of Defendant's letters regarding Plaintiff's "Sickness and Accident" benefits states,

> If your absence is due to your own medical diagnosis or condition of [*sic*] a family member's medical diagnosis or condition, your absence may be covered by the family and medical leave act (FMLA). Eligibility information and documents required to apply for FMLA leave should be obtained by calling the GM benefits & services center . . . .

(ECF No. 25, PageID.99.) This letter demonstrates that Plaintiff was receiving Sickness and Accident benefits, not FMLA leave. (*Id.* at PageID.99.) Defendant's letters to Plaintiff regarding his Sickness and Accident benefits do not have any relation to the FMLA and, as such, cannot demonstrate a willful violation of the FMLA.[2]

---

[2] The R&R, in its assessment of Plaintiff's failure to state a claim of FMLA retaliation, sets forth that "Jozsa does not state that he was on approved FMLA leave; he only states that he was 'on an approved medical leave of absence' and was

Second, Plaintiff does not explain why Defendant's alleged refusal to provide Plaintiff's personnel file is evidence of a willful violation of the FMLA. The FMLA has recordkeeping requirements, *see* 29 U.S.C. § 825.500, but the Court is unaware of a disclosure requirement that has been violated based on Plaintiff's allegations in the complaint and objection.

Finally, Plaintiff's objection references *Seeger v. Cincinnati Bell Tel. Co., LLC*, 681 F.3d 274 (6th Cir. 2012), *Moorer v. Baptist Mem'l Health Care Sys.*, 398 F.3d 469 (6th Cir. 2005), and *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006). (ECF No. 25, PageID.97.) However, none of these cases discuss the timeliness of an FMLA claim.

For the reasons set forth above, Plaintiff's objection related to dismissal of his FMLA claim is overruled.

### B. Title VII and ADA Claims

The R&R recommended that Plaintiff's Title VII and ADA claims be dismissed due to a failure to exhaust his administrative remedies.

---

given a doctor's note approving his return in August 2022." (ECF No. 20, PageID.85.)

Although the Court does not address the sufficiency of Plaintiff's FMLA claim, it notes that the documents filed with Plaintiff's objection support the R&R's conclusion that Plaintiff fails to assert that he was on approved FMLA leave.

(ECF No. 20, PageID.77–79.)[3] As set forth by the R&R, Plaintiff "admits in his complaint that he did not file an EEOC charge and that the EEOC has not issued a Notice of Right to Sue letter." (*Id.* at PageID.78 (citing ECF No. 1, PageID.7).) As such, "it is clear from the face of the complaint that Jozsa did not exhaust his administrative remedies before bringing his Title VII and ADA claims." (*Id.* at PageID.79.)

Plaintiff's objection does not appear to address the R&R's recommendations regarding his Title VII and ADA Claims. The cases cited by Plaintiff do not discuss exhaustion of administrative remedies. *See Seeger*, 681 F.3d 274; *Moorer*, 398 F.3d 469; *Burlington*, 548 U.S. 53. Further, the documents provided by Plaintiff do not pertain to his administrative remedies.

As such, to the extent Plaintiff's objection relates to dismissal of his ADA and Title VII claims, it is overruled.

---

[3] The R&R also determined that Plaintiff fails to state a Title VII and ADA claim. (ECF No. 20, PageID.79–82.) Because these claims are dismissed due to Plaintiff's failure to exhaust administrative remedies, the Court does not address whether Plaintiff sufficiently stated a Title VII or ADA claim.

## IV.  Conclusion

For the reasons set forth above, the Report and Recommendation (ECF No. 20) is ADOPTED and Defendant's motion to dismiss (ECF No. 14) is GRANTED. This case is hereby DISMISSED.

IT IS SO ORDERED.

Dated: March 4, 2026               s/Judith E. Levy
     Ann Arbor, Michigan               JUDITH E. LEVY
                                      United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 4, 2026.

                        s/William Barkholz
                        WILLIAM BARKHOLZ
                        Case Manager